IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JOSEPH M. MILLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-02315-MSN-atc |
| | ) |
| **CITY OF MEMPHIS,** | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION FOR PARTIAL SUA SPONTE DISMISSAL
AND TO ISSUE PROCESS ON THE REMAINING CLAIM**

On May 16, 2023, Plaintiff Joseph M. Miller filed a *pro se* complaint against Defendant City of Memphis ("the City"). (ECF No. 1.) Also on May 16, 2023, Miller filed a motion to proceed *in forma pauperis* (ECF No. 2), which was subsequently granted (ECF No. 7). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

**PROPOSED FINDINGS OF FACT**

Miller's submissions consist of three documents: a response to the City's initial claim denial (ECF No. 1, at 1–4); the operative Complaint in this case (*id*. at 5–8); and various correspondence and documents relating to his claims (*id*. at 9–20). Though the precise allegations brought by Miller are difficult to follow, the crux of Miller's alleged facts are summarized on the first page of his Complaint:

> The plaintiff, Joseph Miller, was arrested by Memphis Police Department because of the negligence of the Memphis animal service. Since Oct. 18, 2022, Joseph M

> Miller has filed several reports from two different telephone numbers. Mr. Miller has text messages and voicemails to confirm. Memphis Animal Services failed to investigate the dog pick up adequately and with due diligence[], and those officers failed to use existing evidence on the seen [sic] in a timely basis[] to [s]top the arrest that MAS representative, Delph #080 filed a police report December 31, 2022, against me for failing to report the dogs. A resident [f]amily member was the one to call the police to my house that day. Memphis Animal Services failed to prevent me and my girlfriend from getting arrested by lying stating they had no recollection of us ever calling or filing a report about a dog in my yard needs to get pick up in their system by my telephone number.

(*Id.* at 5.) The remainder of Miller's contentions in the Complaint and its attachments consist of additional allegations relating to his interactions with Memphis Animal Services ("MAS") and his purportedly improper arrest sometime after his interactions with MAS. (S*ee, e.g.*, *id*. at 1, 7, 9–15.) Miller's Complaint and its attachments also contain his summations of various laws, generalized statements of racism by the City, and various implications of malfeasance by MAS and the City. (*See generally id.*)

The claims brought by Miller are equally difficult to parse. Construing the Complaint and its attachments in a light most favorable to Miller, the Court interprets his allegations as claims for the following: (1) violations of the Lanham Act's false advertising provision, 15 U.S.C. § 1125; (2) violations of the Federal Trade Commission Act's ("the FTC Act") false advertising provision, 15 U.S.C. § 54; (3) defamation/slander claims under 28 U.S.C. § 4101; (4) violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and (5) a false arrest claim under 42 U.S.C. § 1983. (*See generally id.*) Miller seeks $20,000,000 in compensatory damages against the City. (*Id.* at 4.)

## PROPOSED CONCLUSIONS OF LAW

I.     **28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction

after the Court conducts a screening under § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

## II.     Standard of Review for Failure to State a Claim

To determine whether Miller's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to

3

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

### III.  Miller's False Advertising Claims under § 1125 of the Lanham Act

"The Lanham Act prohibits a 'person' from using a 'false or misleading description' or 'representation of fact' in 'commercial advertising or promotion' that 'misrepresents the nature, characteristics, qualities, or geographic origin' of the person's or another's 'goods, services, or commercial activities.'" *Lewis v. Acuity Real Estate Servs, LLC*, 63 F.4th 1114, 1117 (6th Cir. 2023) (quoting § 1125(a)(1)(B)). "The Act expressly authorizes 'a civil action by any person who believes that he or she is or is likely to be damaged by' the false advertising." *Id.* (quoting § 1125(a)(1)). The Act also expressly authorizes a civil action against states, municipalities, and other governmental actors "in the same manner and to the same extent as any nongovernmental entity." § 1125(a)(2).

"On its face, this text could be read to place no limits on the injured parties who may sue over false advertising." *Lewis*, 63 F.4th at 1117 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014)). However, the Lanham Act's false advertising protections apply only to those within the Act's "zone-of-interest"; that is, it provides a right of action only to "persons engaged in interstate commerce against unfair competition." *Id.* (quoting *Lexmark*, 572 U.S. at 131). Said another way, the Lanham Act's false advertising protections apply to "only businesses that complain about an 'injury to a commercial interest in reputation or sales,'" and therefore "consumers do not fall within this zone of interest even if they waste money on a useless product because the traditional unfair-competition tort did not encompass this consumer harm." *Id.* (quoting *Lexmark*, 572 U.S. at 131–32).

Even if Miller had adequately pled all other required elements of a Lanham Act false advertising claim, he has alleged, at most, injuries as a consumer of the services of MAS. These "consumer injuries [] fall outside the Lanham Act's zone of interests. That fact independently

5

dooms his lawsuit." *Id.* at 1121. As a result, the Court recommends dismissal of Miller's false advertising claims under the Lanham Act for failure to state a claim.

**IV.     Miller's False Advertising Claims under § 54 of the FTC Act**

Miller's other false advertising claims are brought under § 54 of the FTC Act, which provides various criminal penalties for false advertising. However, "[t]he FTC Act may only be enforced by the Federal Trade Commission. Federal law does not afford a plaintiff a private right of action under the FTC Act." *Jean-Baptiste v. Copart*, No. 1:21-cv-21701-JLK, 2022 WL 16643046, at *3 (S.D. Fla. Nov. 3, 2022) (citing *Holmes v. Ocwen Fin. Corp.*, 747 F. App'x 836, 837 (11th Cir. 2019)); *see also Cates v. Harrison*, No. 3:21-cv-1244-B-BN, 2021 WL 8014671, at *3 (N.D. Tex. July 13, 2021) (dismissing the plaintiff's § 54 claims for lack of a private right of action) (collecting cases). Therefore, the Court recommends dismissal of Miller's false advertising claims under the FTC Act for failure to state a claim.

**V.     Miller's Slander/Defamation Claims under 28 U.S.C. § 4101**

Miller's slander and defamation claims are brought under § 4101. However, this section "merely defines 'defamation' in the 'context of when a federal court may recognize a foreign defamation judgment. It is not itself a private right of action conferring federal question jurisdiction.'" *Wieland v. Lakeside Behav. Health Sys.*, No. 2:22-cv-02649-TLP-cgc, 2023 WL 5015419, at *3 (W.D. Tenn. Aug. 7, 2023) (quoting *Parker v. Hankook Tire Mfg. Tenn., LP*, No. 3:22-cv-00063, 2022 WL 4545120, at *8 (M.D. Tenn. Sept. 28, 2022)). As a result, Miller has not stated a claim for slander or defamation under § 4101, as this section does not provide a private right of action or confer jurisdiction on this Court to consider Miller's defamation allegations. Therefore, it is recommended that these claims be dismissed.

**VI.    Miller's FOIA Claims**

Miller seeks money damages from the City for its purported FOIA violations.  However, "[m]oney damages are not a form of relief available under FOIA." *Browder v. Fairchild*, No. 3:08-cv-P15-H, 2009 WL 1158669, at *2 (W.D. Ky. Apr. 28, 2009) (citing *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir.1993)).  Furthermore, "[t]he federal FOIA statute does not apply to state or local government agencies." *Hulshof v. Jurkas*, No. 4:05-CV-152, 2006 WL 2943302, at *6 (W.D. Mich. Oct. 13, 2006) (citing 5 U.S.C. § 551(1)); *see also Butler v. Tenn. Bureau of Investigation*, 25 F.3d 1047, 1994 WL 194272, at *1 (6th Cir. May 16, 1994) (unpublished table decision) (affirming § 1915(d) screening dismissal of FOIA claims against state actors). "Consequently, Plaintiff[] cannot state a claim under the federal FOIA statute." *Hulshof*, 2006 WL 2943302, at *6.  As a result, the Court recommends dismissal of Miller's FOIA claims.[1]

**VII    Miller's False Arrest Claim under 42 U.S.C. § 1983**

When construing the Complaint and its attachments in a light most favorable to Miller and accepting his allegations as true, this Court finds that Miller has satisfied the low threshold of alleging a facially plausible claim of false arrest against the City for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  As such, the Court recommends that process be issued and served on the City pursuant to Local Rule 4.1(b)(2).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Miller's claims against the City for Lanham Act false advertising, FTC Act false advertising, slander/defamation under § 4101, and

---

[1] Miller also cites to "RCW 42.56.520" in support of his FOIA claims.  (ECF No. 1, at 6.)  This citation appears to be to a portion of the State of Washington's Freedom of Information Act.  There is no indication that this citation has any relevance in this case.

FOIA violations be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Court further recommends that Miller's claim for false arrest under § 1983 be allowed to proceed; that the Clerk of Court be directed to issue process for the City and deliver that process to the U.S. Marshal for service along with a copy of the Complaint, this Report and Recommendation, and any Order from the District Judge regarding this Report and Recommendation; that service be made on City pursuant to Federal Rule of Civil Procedure 4(j); and that all costs of service be advanced by the United States

Respectfully submitted this 16th day of January, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.