## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

JOSEPH M. MILLER,

      Plaintiff,

v.                                                    Case No. 2:23-cv-02315-MSN-atc
                                                      JURY DEMAND
CITY OF MEMPHIS,

      Defendant.

---

## ORDER OVERRULING OBJECTIONS AND
## ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 28, "Report"), entered July 7, 2025. The Report recommends granting Defendant's Motion to Dismiss (ECF No. 17) and denying Plaintiff's Motion for Summary Judgment (ECF No. 21). Plaintiff filed a *pro se* objection (ECF No. 29) on July 16, 2025, and additional related filings (ECF Nos. 30, 31 & 34). Defendant filed a response in opposition to the objections (ECF No. 32) on July 18, 2025. For the reasons stated below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report in its entirety.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

The Magistrate Judge recommends dismissal because Plaintiff failed to identify a municipal policy or custom under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), that could support municipal liability for his alleged false arrest. Having carefully reviewed the Report, Plaintiff's objections, and the entire record, the Court finds no error in the Magistrate Judge's thorough and well-reasoned analysis.[1]

Plaintiff's objections do not satisfy the requirements of Federal Rules of Civil Procedure 72(b)(2). Rather than identifying factual or legal errors in the Magistrate Judge's analysis, Plaintiff reiterates generalized allegations about racism in Memphis, his own past experiences with the City, and a recent Department of Justice report that he contends supports his *Monell* claim.

In his objections, Plaintiff argues that "The DOJ has already done a report on the City of Memphis" and claims "[he] was falsely arrested because he was a black man with disabilities[.] That's what caused his injuries." (ECF No. 29 at PageID 112.) However, Plaintiff does not explain how the DOJ report remedies his failure to adequately plead a municipal policy or custom under *Monell*, nor does he address the Report's specific conclusion that he failed to identify in his complaint any policy that caused his alleged constitutional injury. Instead, Plaintiff makes broad assertions such as "The City of Memphis is a racist city" and references unrelated cases, arguing that "This is a widespread pattern of abuse by the [C]ity of Memphis." (*Id.* at PageID 113–14.) These generalized concerns do not constitute specific objections to the Magistrate Judge's legal analysis.

---

[1] Even applying *de novo* review to Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to state a viable *Monell* claim against the City of Memphis.

Plaintiff's other filings further demonstrate his failure to present a coherent legal argument. Plaintiff engages in lengthy historical tangents, referencing various unrelated events, including Martin Luther King Jr.'s assassination and the removal of Nathan Bedford Forrest's remains from a Memphis park.  (ECF No. 34.)  Plaintiff appears to submit what resembles an email, stating "Miller has stated a § 1983 claim against the City of Memphis" and listing various legal concepts. (ECF No. 30.)  Plaintiff also submitted what appears to be a filing related to his bond conditions. (ECF No. 31.)  None of these address the legal standards at issue or respond meaningfully to the Report.

Accordingly, Plaintiff's objections (ECF Nos. 29, 30, 31, and 34) are **OVERRULED**.  The Magistrate Judge's Report and Recommendation (ECF No. 28) is **ADOPTED** in its entirety. Defendant City of Memphis's Motion to Dismiss (ECF No. 17) is **GRANTED.**  Plaintiff's Motion for Summary Judgment (ECF No. 21) is **DENIED**.

**IT IS SO ORDERED**, this 29th day of September, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 28, "Report"),
entered July 7, 2025. The Report recommends granting Defendant's Motion to Dismiss (ECF No.
17), denying Plaintiff's Motion for Summary Judgment (ECF No. 21), denying Plaintiff's Motion
in Limine (ECF No. 23), and construing Plaintiff's Motion to Strike (ECF No. 18) as a response
to the City's Motion to Dismiss. Plaintiff filed a *pro se* objection (ECF No. 29) on July 16, 2025,
and additional related filings (ECF Nos. 30, 31 & 34). Defendant filed a response in opposition to
the objections (ECF No. 32) on July 18, 2025. For the reasons stated below, the Court
**OVERRULES** Plaintiff's objections and **ADOPTS** the Report in its entirety.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by
permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*,
237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));
*see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he
district judge must determine *de novo* any part of the magistrate judge's disposition that has been
properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the
evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or
recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de
novo* or any other standard—those aspects of the report and recommendation to which no objection
is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the
magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable
the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50
F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is

to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

The Magistrate Judge recommends dismissal because Plaintiff failed to identify a municipal policy or custom under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), that could support municipal liability for his alleged false arrest.  Having carefully reviewed the Report, Plaintiff's objections, and the entire record, the Court finds no error in the Magistrate Judge's thorough and well-reasoned analysis.[2]

Plaintiff's objections do not satisfy the requirements of Federal Rules of Civil Procedure 72(b)(2).  Rather than identifying factual or legal errors in the Magistrate Judge's analysis, Plaintiff reiterates generalized allegations about racism in Memphis, his own past experiences with the City, and a recent Department of Justice report that he contends supports his *Monell* claim.

In his objections, Plaintiff argues that "The DOJ has already done a report on the City of Memphis" and claims "[he] was falsely arrested because he was a black man with disabilities[.] That's what caused his injuries."  (ECF No. 29 at PageID 112.)  However, Plaintiff does not explain how the DOJ report remedies his failure to adequately plead a municipal policy or custom under *Monell*, nor does he address the Report's specific conclusion that he failed to identify in his complaint any policy that caused his alleged constitutional injury.  Instead, Plaintiff makes broad assertions such as "The City of Memphis is a racist city" and references unrelated cases, arguing that "This is a widespread pattern of abuse by the [C]ity of Memphis."  (*Id*. at PageID 113–14.)  These generalized concerns do not constitute specific objections to the Magistrate Judge's legal analysis.

---

[2] Even applying de novo review to Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to state a viable *Monell* claim against the City of Memphis.

Plaintiff's other filings further demonstrate his failure to present a coherent legal argument. Plaintiff engages in lengthy historical tangents, referencing various unrelated events, including Martin Luther King Jr.'s assassination and the removal of Nathan Bedford Forrest's remains from a Memphis park.  (ECF No. 34.)  Plaintiff appears to submit what resembles an email, stating "Miller has stated a § 1983 claim against the City of Memphis" and listing various legal concepts. (ECF No. 30.)  Plaintiff also filed what appears to be a filing related to his bond conditions.  (ECF No. 31.)  None of these addresses the legal standards at issue or respond meaningfully to the Report.

Accordingly, Plaintiff's objections (ECF Nos. 29, 30, 31, and 34) are **OVERRULED**.  The Magistrate Judge's Report and Recommendation (ECF No. 28) is **ADOPTED** in its entirety. Defendant City of Memphis's Motion to Dismiss (ECF No. 17) is **GRANTED.**  Plaintiff's Motion for Summary Judgment (ECF No. 21) is **DENIED**.  The action is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 19th day of September, 2025.

*s/ Mark S. Norris*

MARK S. NORRIS
UNITED STATES DISTRICT JUDGE